David P. Claiborne, ISB # 6579
**SAWTOOTH LAW OFFICES, PLLC**
1101 W. River Street, Suite 110
P.O. Box 7985
Boise, ID 83707
T (208) 629-7447
F (208) 629-7559
E david@sawtoothlaw.com

*Attorneys for Plaintiffs Hans L. and*
*Mary S. Carstensen III and Duke*
*Rohlen and Kendall Simpson Rohlen,*
*as Trustees of the Rohlen Revocable Trust*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HANS L. AND MARY S. CARSTENSEN III AND DUKE ROHLEN AND KENDALL SIMPSON ROHLEN, AS TRUSTEES OF THE ROHLEN REVOCABLE TRUST, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE (RS 2339)** |

Plaintiffs, Hans L. and Mary S. Carstensen III and Duke Rohlen and Kendall Simpson Rohlen, as Trustees of the Rohlen Revocable Trust, by and through their attorneys of record, Sawtooth Law Offices, PLLC, and for Complaint against Defendant United States of America, hereby assert and allege as follows:

### PARTIES

1. Plaintiffs, Hans L. Carstensen III, Mary S. Carstensen, and Duke Rohlen and Kendall Simpson Rohlen, as Trustees of the Rohlen Revocable Trust, are the current owners of

COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE – Page 1

that certain real property and water rights described herein located in Custer County, Idaho.

Plaintiffs' real property is irrigated from a point of diversion on the Salmon River, known by the

United States Forest Service as the S41 diversion.  Water is conveyed from this point of

diversion through what is known as the S41 Diversion Canal.  The S41 diversion, the S41

Diversion Canal and some or all of the ditches from the S41 diversion to Plaintiffs' property

cross land belonging to the Defendant United States of America ("United States") that is

currently administered by United States Forest Service ("Forest Service").  This diversion, the

S41 diversion and the S41 Diversion Canal and associated ditches, are subject to a permanent

easement or right-of-way arising under what is known as RS 2339 across the United States'

property that is the subject of this lawsuit.

2.      Defendant United States is the owner of that certain land located in Township 8

North, Range 14 East, Boise Meridian, in Custer County, Idaho which is burdened by Plaintiffs'

right, title and interest in the easement or right-of-way described herein that is the subject of this

action.  The Forest Service currently administers the land held by the United States in Section 32,

Township 9 North, Range 14 East, Boise Meridian and Section 5, Township 8 North, Range 14

East, Boise Meridian, located in Custer County, Idaho that is at issue in this action.

## JURISDICTION & VENUE

3.      This Court has exclusive original jurisdiction of this action against the United

States pursuant to 28 U.S.C. § 1346(f), as this action is brought under 28 U.S.C. § 2409a to quiet

title in real property in which an interest is or may be claimed by the United States. The

Defendant asserts or may assert some claim of ownership, use or possession of the real property

situated within this State that is the subject of the lawsuit.  Jurisdiction and declaratory relief are

further appropriate pursuant to 28 U.S.C. § 2201, as the Court may declare the rights and other

legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

4.     Venue is proper in this District under 28 U.S.C. § 1391(b) as the land that is the subject of the action is located in this District and a substantial part of the acts or omissions giving rise to this action occurred in this District.

## GENERAL ALLEGATIONS

5.     This action is brought to adjudicate title to real property in which the United States claims an interest, other than a security interest or water rights.  Specifically, Plaintiffs seek a determination that they have title to the S41 diversion works, canal and ditches located on real property held by the United States.

6.     Plaintiffs Hans L. Carstensen III, Mary S. Carstensen, and Duke Rohlen and Kendall Simpson Rohlen, as Trustees of the Rohlen Revocable Trust are the current owners of land located in Township 9 North, Range 14 East, Sections 29, 32 and 33.  Plaintiffs' predecessors in interest obtained title to their properties by virtue of applications under the Homestead Act, Public Law 37-64, 12 Stat 392.  The Homestead Act required the applicant to live on the land for 3-5 years, and to cultivate and improve the land to obtain title from the United States.  Plaintiffs' predecessors in interest obtained patents transferring title to the land from the United States between 1919 and 1923.  When the United States transferred title to Plaintiffs' predecessors in interest, the patent transferred title to the land together with all appurtenances.  Under the laws of the State of Idaho and the United States the term appurtenance includes existing diversion works and ditches that transported water for irrigation and other beneficial uses.

7.     Plaintiffs are the owners of decreed water rights appurtenant to their properties. These water rights identify the point of diversion, place of use, quantity or rate of flow, period of

use and priority dates.  Plaintiffs' water rights include water rights 71-2063, 71-2082, 71-4016 and 71-4037.  These rights were decreed in the Snake River Basin Adjudication (SRBA) through partial decrees issued in or about 1999 and in the Final Unified Decree issued by the SRBA Court on August 27, 2014.  The United States and the Forest Service were parties to the SRBA and are bound by the decrees of the SRBA Court.

8.    Plaintiffs' water rights irrigate Plaintiffs' properties.  The S41 diversion is from the Salmon River located at Township 8 North, Range 14 East, section 5 (NESWNE).  The S41 diversion, S41 Diversion Canal and ditches conveying the water from the S41 diversion works to Plaintiffs' properties are located on or cross land belonging to the United States, currently administered by the Forest Service.

9.    The land in Townships 8 and 9 North, Range 14 East, Boise Meridian in Custer County, Idaho were originally held by the United States as part of the public domain subject to homesteading by the American people.

10.    A series of Executive Orders President Roosevelt issued in 1905, 1906 and 1908 reserved some, but not all, of the land in Townships 8 and 9 North, Range 14 East, Boise Meridian in Custer County, Idaho for use by the Forest Service.

11.    An Executive Order issued by President Wilson in 1913 modified the area in Townships 8 and 9 North, Range 14 East, Boise Meridian in Custer County, Idaho that had been reserved for the Forest Service by moving some boundaries and restoring some lands to the public domain and reserving other lands for the Forest Service.

12.    In 1928 Congress affirmed the boundaries of the lands reserved for the Forest Service located in Townships 8 and 9 North, Range 14 East, Boise Meridian in Custer County, Idaho as modified by President Wilson's executive order of 1913.

13.     The land in Townships 8 and 9 North, Range 14 East that was not reserved for the Forest Service was known by the United States as "the Salmon River Open Strip."

14.     The properties now owned by Plaintiffs were not within the boundaries reserved for the Forest Service by President Roosevelt, as modified by President Wilson, and confirmed by Congress.  The S41 diversion, S41 Diversion Canal and ditches at issue herein were not located on land reserved for the Forest Service at that time.  The S41 diversion, S41 Diversion Canal and ditches were located within the Salmon River Open Strip.

15.     In 1974 Congress created the Sawtooth National Recreation Area (SNRA) and reserved the remaining public domain in Townships 8 and 9 North, Range 14 East, Boise Meridian in Custer County, Idaho for the Forest Service to be administered as part of the Sawtooth National Recreation Area ("SNRA").  The current boundaries of the SNRA, now reserved for the Forest Service, encompass Plaintiffs' private properties as well as the land where the S41 diversion, the S41 Diversion Canal and the ditches are located.

16.     Plaintiffs and their predecessors have enjoyed the use of the above-mentioned water rights on their property through the S41 diversion canal and ditches located on federal land for many decades long preceding the creation of the SNRA and the reservation of additional land for administration by the Forest Service.  These water rights are essential to the use of the Plaintiffs' properties for agricultural and pastoral beneficial purposes.  The S41 diversion and ditches are illustrated on **Exhibit A** attached hereto.  Plaintiffs have been advised by the Forest Service that the Forest Service agrees that the S42 diversion and Williams Canal, which are diversions and conveyances similarly situated to the S41 diversion and S41 Diversion Canal, are entitled to be treated as a valid right-of-way under RS 2339, but the Forest Service has also questioned its authority to provide recognition of the RS 2339 Right.

17.     Plaintiffs have recently come to understand that the United States may assert the right to control Plaintiffs' use of water on Plaintiffs' land under Plaintiffs' water rights by exercising dominion and control over the S41 diversion, S41 Diversion Canal and ditches that cross Defendant's land, contrary to law.

18.     Accordingly, it has become necessary for Plaintiffs to seek a determination from this Court of their rights with respect to the S41 diversion, S41 Diversion Canal and ditches located on or that cross Defendant's land.

19.     Because of this actual and live controversy, Plaintiffs bring this quiet title and declaratory action to establish title in Plaintiffs to the S41 diversion, S41 Diversion Canal and ditches in the form of a permanent easement or right of way.

## FIRST CLAIM FOR RELIEF
### DECLARATORY RELIEF
### (28 U.S.C. § 2201)

20.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through 19 of this Complaint as though it were fully set forth herein.

21.     Under 28 U.S.C. § 2201 this court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

22.     Plaintiffs' predecessors in interest homesteaded property between 1919 and 1923, and received patents or deeds conveying title to their properties.  Pursuant to the Homestead Act, homesteaders had to cultivate the land, which included diverting the water and putting it to beneficial use.

23.     Appurtenant to Plaintiffs' property are the S41 diversion and diversion works, S41 Diversion Canal and ditches necessary to convey water from the Salmon River to Plaintiffs' properties.

24.     There is a real conflict with the United States over the Plaintiffs' rights and interests in the S41 diversion and ditches, and Plaintiffs seek an Order declaring the rights, duties and obligations concerning the named parties and all those claiming any interests in the properties.

25.     A judicial determination of all rights and responsibilities concerning the subject property is necessary and appropriate at this time and the Plaintiffs request an Order of this Court declaring and adjudging that Plaintiffs have a permanent real property interest and the right to use the S41 point of diversion and diversion works, S41 Diversion Canal and ditches located on or crossing Defendant's land as illustrated in **Exhibit A**.

**SECOND CLAIM FOR RELIEF**
**QUIET TITLE**
**(Act of 1866) – RS 2339**

26.     Plaintiffs reallege and incorporate by reference, applicable Paragraphs 1 through 25 of this Complaint, as though they were fully set forth herein.

27.     Plaintiffs have a right-of-way to convey water and utilize this diversion and right-of-way through the S41 Diversion Canal and ditches to Plaintiffs' places of use on their properties pursuant to the Act of July 26, 1866, also known as the Mining Act of 1866, Ch. 262, § 9, 14 Stat. 253, codified at 43 U.S.C. § 661.  This Act is also known as RS 2339 from the Revised Statute Section where it was once codified.  The Federal Land Policy and Management Act of 1976 ("FLPMA") repealed the Act of 1866, however it contained a savings provision

pursuant to which rights acquired prior to FLPMA's enactment were not affected. *See* 43 U.S.C. §§ 1701, 1769. The 1866 Act provided, in pertinent part, as follows:

> Whenever, by priority of possession, rights to use the water for mining, agricultural, manufacturing, or other purposes, have vested and accrued, and the same are recognized and acknowledged by the local customs, laws, and the decisions of the courts, the possessors and owners of such vested rights shall be maintained and protected in the same; and the right of way for the construction of ditches and canals for the purposes herein specified is acknowledged and confirmed . . . .

43 U.S.C. § 661.

28.     Plaintiffs hold vested Water Rights 71-2063, 71-2082, 71-4016 and 71-4037, to use on Plaintiffs' properties. The priority dates for most of these water rights are from 1933 to 1954, long before FLPMA repealed RS 2339. Therefore, these diversion, conveyance and ditch rights established prior to 1976 remain valid rights-of-way, based upon the savings clause in the FLPMA, prior use of the S41 diversion, S41 Diversion Canal and ditches, and water rights for use on these properties decreed pursuant to the laws of the State of Idaho.

29.     Plaintiffs and their predecessors have continuously diverted water from the Salmon River to the place of use on Plaintiffs' privately-owned properties from the S41 diversion, the S41 Diversion Canal, and through ditches on Defendant's property primarily for irrigation and stockwater use since at least 1933 through 1954.

30.     The S41 diversion, S41 Diversion Canal, and ditches were originally constructed and located on unoccupied and unreserved lands of the United States, in the Salmon River Open Strip.

31.     Plaintiffs have met all requirements under the Acts of Congress to acquire a vested interest in the S41 diversion, conveyance of water, and easements for the ingress, egress, repair and maintenance of the right-of-way and appurtenant water rights.

COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE – Page 8

32.     All easements and appurtenances were attached to the land and transferred from the United States to Plaintiffs' predecessors in interest and eventually to Plaintiffs.

33.     Plaintiffs seek an order quieting title to the S41 diversion, S41 Diversion Canal and ditches and a right-of-way for ingress, egress, for conveyance of water, repair and maintenance of diversion and ditches shown on **Exhibit A**.

**THIRD CLAIM FOR RELIEF**
**QUIET TITLE**
**(Homestead Act)**

34.     Plaintiffs reallege and incorporate by reference, Paragraphs 1 through 33 of this Complaint, as though they were fully set forth herein.

35.     Plaintiffs have a right-of-way to convey water from the S41 point of diversion through the S41 Diversion Canal and ditches on federal land to the places of use on Plaintiffs' property.

36.     Title to Plaintiffs' property was originally acquired via the Homestead Act of 1862.  Pursuant to the Homestead Act, Plaintiffs' predecessors in interest were required to meet certain requirements, which included building structures, improving the land, cultivating crops, and generally putting the land to use for a period of years.  After this period, Plaintiffs' predecessors in interest applied for and were granted patents or deeds conveying title, which included any and all *appurtenances*, whether expressly stated or otherwise.

37.     Any and all diversion, ditch and conveyance rights are easements and appurtenances which attached to the land and transferred from the United States to Plaintiffs' predecessors in interest and eventually to Plaintiffs.

38.     Plaintiffs seek an Order quieting title to the right-of-way in Plaintiffs as shown in **Exhibit A** against Defendant, and any other persons that may claim any rights or interests.

COMPLAINT FOR DECLARATORY RELIEF AND TO QUIET TITLE – Page 9

**ATTORNEY'S FEES AND COSTS**

39.     Plaintiffs have been required to bring this action to protect their property rights, and for the necessary prosecution of this matter, Plaintiffs herein request an award of attorneys' fees and costs against the Defendant pursuant to the *Equal Access to Justice Act*, 28 U.S.C. § 2412(b) and any other appropriate and applicable statutes, code and/or regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for a judgment of this Court as follows:

A.     For a Judgment from this Court decreeing that Plaintiffs have a permanent easement for the diversion and conveyance of water, and establishing a right-of-way from the S41 diversion through the S41 Diversion Canal and ditches to the place of use for ingress, egress, and to operate, repair, and maintain the easement;

B.     For a Judgment from this Court declaring the rights and interest of the parties hereto, ancillary to the permanent easement decreed herein, including the right to enter the land across which the right-of-way extends, for 50 feet on either side of the S41 Diversion Canal and ditches for the purpose of cleaning, maintaining and repairing the ditch, canal or conduit with such personnel and equipment as is commonly used or is reasonably adapted to that work.

C.     For costs and fees incurred herein as appropriate under the *Equal Access to Justice Act* or otherwise.

D.     For such other and further relief as the Court deems just and proper in the premises.

DATED this 20th day of November, 2018.

SAWTOOTH LAW OFFICES, PLLC


By:/s/ David P. Claiborne
   David P. Claiborne
   *Attorneys for Plaintiffs*

# EXHIBIT A





